# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

GREENBERG TRAURIG, LLP, a New York Limited Liability Partnership,

    Plaintiff,

v.

TIJS VERWEST A/K/A TIESTO, an individual,

    Defendant.

---

## COMPLAINT FOR DECLARATORY JUDGMENT

---

For its complaint, Plaintiff Greenberg Traurig, LLP ("GT") by and through its attorneys, avers:

### INTRODUCTION

1. GT seeks a declaratory judgment that GT is not liable to Tijs Verwest, a musical artist known as "Tiesto," for reimbursement of payments Verwest made for taxes due in 2016 and 2017 under the United States Internal Revenue Code ("Code"). GT was not responsible for Verwest's United States tax returns, his obligation to pay taxes, or Verwest's own conduct that led to the taxes, and any claim against GT is time barred. GT's representation of Verwest terminated at the end of 2013, and GT was not even Verwest's counsel during the tax years in question (2016 or 2017), or in 2020, when Verwest decided to pay additional taxes for those years. Yet Verwest, who is a Dutch citizen but has been a United States resident since 2018, has threatened to sue GT in the Netherlands for alleged malpractice. Verwest's threatened claims are baseless because, among other reasons: [a] GT did not misadvise Verwest in 2012 or 2013; [b] in each year after 2013, when GT ceased being his counsel, Verwest made his own determination, without any advice from GT, of what to report in his United States tax returns and how to comply with the

Code; [c] Verwest did so on the advice, at various times, of United States tax accountants, lawyers, financial advisers and tax preparers other than GT; [d] Verwest voluntarily chose the conduct that resulted in his later decision to pay additional taxes for 2016 and 2017 to achieve his own personal and business objectives; and [e] any claim is barred by Colorado's two-year statute of limitations on actions sounding in negligence.

    2.    This case is appropriate for a declaratory judgment in this Court because, among other reasons:

a) There is a genuine controversy that is ripe for judgment. After many months of discussions, the parties have been unable to resolve their disagreement, and Verwest has threatened to sue GT in the Netherlands where GT has an office but which no longer has any meaningful nexus to this dispute.

b) This Court has both subject matter jurisdiction over this controversy and personal jurisdiction over the parties.

c) This case turns on questions of United States law, particularly United States tax law, which should be decided by a United States court. The central question in the dispute is the proper interpretation, meaning and requirements of United States tax law, something which a United States court, not one in a foreign country, should decide.

d) Verwest is a permanent resident of Colorado, married to a United States citizen domiciled in Colorado, and living here.

e) Verwest regularly performs in the United States and on media in the United States.

f) Verwest acts for and through a United States business and entertainment entity in which he is an owner.

g) Verwest received tax advice from several professionals located in the United States—including lawyers, business and financial advisors, and accountants—who are essential witnesses and may be responsible for any injury to Verwest (if he suffered one).

h) Most of the relevant fact witnesses and documents are in the United States.

i) Both parties' expert consultants are in the United States.

j) Litigation in the Netherlands, as opposed to in the United States, may not allow for fair, equitable and appropriate consideration of the doctrines of assumption of risk, contributory and/or comparative negligence, and other conduct of Verwest himself or of the superseding or comparative negligence of the other professionals and advisers in the United States who, in contrast to GT, may have been responsible for Verwest's United States taxes in the years in question and for his payments to the United States Internal Revenue Service ("IRS").

## THE PARTIES

3.  GT is a New York limited liability partnership with its principal place of business in New York. GT has two partners, Greenberg Traurig, PC ("GTPC") and Greenberg Traurig, P.A. ("GTPA"). GTPC is a professional corporation incorporated in New York with its principal place of business in New York. GTPA is a professional corporation incorporated in Florida with its principal place of business in Florida. As such, GT is a citizen of the State of New York and the State of Florida.

4.  Defendant Tijs Verwest, a/k/a Tiesto, is a natural person who is a citizen of the Netherlands but is permanently domiciled in Colorado.

## JURISDICTION AND VENUE

5.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between the parties. GT is a citizen of the States of New York and Florida, and Verwest is a citizen or subject of a foreign state residing in the State of Colorado. Additionally, the amount in controversy exceeds $75,000.

6.  This Court has jurisdiction over this matter because it arises under the Declaratory Judgment Act, 28 U.S.C. § 2201.

7.  An actual case or controversy has arisen between the parties within the meaning of 28 U.S.C. § 2201(a). Verwest has repeatedly threatened litigation against GT and has asserted that GT owes him significant damages.

8. This Court has personal jurisdiction over Verwest because he is domiciled in this judicial district.[1] In addition, Verwest regularly conducts business in this judicial district and has performed musical concerts in Colorado on or around September 24, 2020, July 24, 2021, and July 29, 2021.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Verwest resides in this judicial district.

10. Additionally, this litigation is properly resolved in this Court, as opposed to a foreign court in the Netherlands, as follows:

   a. The key question in the dispute is the proper interpretation, meaning and requirements of United States federal tax law, something which only a United States court should address.

   b. Verwest is domiciled in Colorado, married to a United States citizen and himself a Colorado resident; and the company through which he conducts much of his business, LA All The Way LLC, is a Delaware limited liability company with a principal place of business in California.

   c. Key witnesses relating to this tax dispute and the advice provided are subject to this Court's deposition subpoena power and would not be subject to a Dutch court's process. These include persons from:

      1. Verwest's United States accounting firm, Gelfand, Rennert & Feldman, LLP ("Gelfand"), which prepared and filed his United States tax returns, and is located in California and New York.

      2. Intertrust International Management Limited ("Intertrust"), which is the trustee of a trust at issue in the disputed tax advice, and is located in California.

---

[1] In an interview with GQ, published on September 24, 2020, Verwest confirmed that he resides in Denver, Colorado. *See* Graham Corrigan, *Checking In With Tiësto: Lamborghinis, Kanye Stories, Ableton Houses, and New Music*, GQ (September 24, 2020), https://www.gq.com/story/tiesto-interview-the-business-new-song.

116685365.1

3. Verwest's United States counsel who participated in decisions regarding the trust, Carroll, Guido & Groffman, LLP ("Carroll"), and is located in New York.

4. Verwest's United States counsel who alerted Verwest to a potential issue concerning the trust, Kramer Levin Naftalis & Frankel LLP ("Kramer"), and is located in New York and California.

5. GT's tax consultant in the discussions seeking to resolve this controversy, Robert Dumont, is a New York resident.

6. Verwest's American management team, Red Light Management, which is located in California.

7. The IRS, which is located in the United States.

These key witnesses, who are subject to this Court's subpoena power, may not be subject to compulsive participation in a litigation in the Netherlands. Lack of access to these key witnesses in discovery would greatly hamper the parties' ability to litigate, and resolve, this dispute.

## GENERAL ALLEGATIONS[2]

11. Verwest is a successful DJ and record producer originally from the Netherlands. In the early 2000s, Verwest began achieving international recognition for his music.

12. Verwest maintains a robust team of advisors, accountants, and attorneys to assist him with his financial situation.

13. Verwest's advisors included the United States accounting firm Gelfand, his primary Dutch legal and tax advisor and accountant Full Management Support B.V. ("FMS"), his trust manager Intertrust, and his worldwide booking agent AM Only.

---

[2] GT recognizes that, as a former client, Verwest is owed certain duties of confidentiality. However, GT is permitted by applicable ethical rules to reveal confidences to the extent reasonably necessary to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client. Because there is a controversy between Verwest and GT, GT is permitted to reveal facts regarding its prior representation as reasonably necessary. Nevertheless, in an abundance of caution, GT has kept its allegations in this Complaint to what it believes, in good faith, are the minimum necessary to understand its claim for relief.

14. In or around 2008, FMS engaged a former GT lawyer, Frank Butselaar, a Dutch attorney with a focus on Dutch taxation issues, to advise Verwest on an international tax structure. GT, through Butselaar, provided advice to Verwest through 2013, after which Butselaar left GT. After Butselaar's departure, GT had no role as to Verwest's taxes or advice given to him with respect to potential or actual United States taxes he might owe or Verwest's taxation strategy in the United States.

15. After Butselaar left GT at the end of 2013, GT did not do any work for Verwest or represent Verwest in any capacity.

16. Upon information and belief, Verwest, along with his U.S.-based advisors, who did not include GT, determined his United States tax strategy and required compliance starting in 2014 and continuing to the present date. Between 2014 and 2019, Verwest faced and made business and residency decisions that had consequences for his United States tax obligations

17. Upon information and belief, in 2018, the U.S.-based Kramer law firm provided Verwest with advice which is involved in or implicated by Verwest's threatened claim against GT. The advice Verwest received from Kramer included his potential liability for, or advisability of paying, United States taxes for the tax years 2016 and 2017.

18. Upon information and belief, in at least 2018 and after, Verwest also received advice from his U.S.-based advisors about actions he could take to avoid the need to pay United States taxes. Upon information and belief, Verwest did not follow that advice.

19. Upon information and belief, instead, in 2020, Verwest determined to make certain disclosures to the IRS and seek to negotiate an agreement or participate in an IRS amnesty program that would resolve his potential liability for United States taxes. Upon information and belief, in that process, Verwest agreed with the IRS to make payments substantially exceeding $75,000 for taxes for 2016 and 2017, without having to pay additional United States taxes for certain prior years, including those in which GT had been his counsel.

20. Verwest now asserts that those payments for his 2016 and 2017 tax years were larger than they could otherwise have been, and that they were proximately caused by GT's advice

through Butselaar, or failure to properly advise Verwest in the pre-2014 period, *i.e.*, while Butselaar was at GT.

21. During the past many months continuing into roughly January 2022, GT and Verwest discussed a potential resolution of Verwest's claim against GT. Throughout the process, GT attempted, in good faith, to resolve this issue without involving the courts. However, in early January 2022, the parties' effort to resolve their controversy reached an irreconcilable impasse; further discussion has become futile; and Verwest has threatened to sue GT in the Netherlands for alleged legal malpractice.

22. As such, an actual case or controversy has arisen between Verwest and GT. Accordingly, GT has filed the instant lawsuit for declaratory judgment.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment 28 U.S.C. § 2201)**

23. Paragraphs 1 through 22 are realleged and incorporated herein by reference.

24. An actual, justiciable controversy exists between Verwest and GT as to whether GT is liable to Verwest for legal malpractice arising out of GT's prior representation of Verwest.

25. Verwest contends that GT is liable to Verwest for a substantial amount of money in excess of $75,000, consisting of the amounts he paid the IRS plus additional costs.

26. Verwest has claimed that GT, through its former attorney Butselaar, should have advised him on United States tax implications in certain ways, but did not, and that GT's failure to do so constituted legal malpractice.

27. GT disputes Verwest's contentions and contends that it is not liable to Verwest at all.

28. GT's contentions are based on the facts *inter alia* that:

   a. GT was not responsible for Verwest's United States taxation strategy that led to his payments for United States taxes;

b.	GT did not prepare or file Verwest's United States tax returns; rather, Verwest had a U.S. accounting firm, Gelfand, handle his United States taxation strategy, and prepare and file his United States tax returns;

c.	GT's advice to Verwest did not proximately cause the damages he seeks, including the alleged tax liability he contends led to his payment for United States taxes for 2016 and 2017;

d.	Responsibility for Verwest's United States taxes rested and rests with Verwest (for choosing to conduct himself in ways he knew would cause taxes that were not necessary for him to pay) and his non-GT advisers, including those in the United States whose advice superseded GT's pre-2014 advice;

e.	Butselaar left GT in December 2013, after which GT did not represent, advise, or otherwise perform work for Verwest; and Verwest's payments for United States taxes were for years after and as to which GT did not represent or advise him;

f.	GT had no role in Verwest's dealings with the IRS or his United States tax payments for 2016 and 2017, all of which were based on the advice of other professionals, particularly in the United States.

g.	While advising Verwest between 2008 and 2013, Butselaar (while at GT) recommended certain actions that could have avoided Verwest's additional tax liability, but Verwest did not follow those recommendations;

h.	Verwest's additional tax liability (if any) was the result of (i) Verwest's own business and personal decisions undertaken with the knowledge that his United States tax liability could increase as a result of those decisions, (ii) Verwest's negligent or reckless failure to follow advice given to him by GT and other advisors, and (iii) Verwest's own negligent or reckless decision in 2020 to pay taxes notwithstanding advice he received that, had it been followed, would have made the payments he made unnecessary

8

i. To the extent any party failed Verwest in properly structuring his affairs and advising him to minimize his United States tax liability, it was his other advisors and their role and responsibility negates or minimizes any responsibility GT may have;

j. Any claim against GT is barred by Colorado's two-year statute of limitations on actions sounding in negligence, Colo. Rev. Stat. Ann. § 13-80-102, because the Kramer law firm advised Verwest in 2018 of all the facts necessary for him to understand that he was purportedly injured and the source of that injury, and nothing has tolled the running of the statute.

29. In early January 2022, Verwest stated that he would initiate litigation against GT if it did not agree to his demand that GT pay him for what he paid the IRS plus costs.

30. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, GT seeks a declaration from this Court that GT is not liable to Verwest and does not owe him any alleged damages.

**PRAYER FOR RELIEF**

WHEREFORE, GT respectfully requests that this Court:

1. Declare that GT is not liable to Verwest for legal malpractice or under any other theory of liability and does not owe him any damages;

2. Declare that Verwest's claims are barred by the doctrines of assumption of the risk, contributory and/or comparative fault, pursuant to Colo. Rev. Stat. Ann. § 13-21-111 and otherwise, because Verwest's additional tax liability, if any, is the result of his own knowing and intentional business and personal decisions, and/or his own recklessness or negligence in not following advice received from his various advisors which would have avoided that purported additional liability;

3. Declare that Verwest's claims are barred and/or reduced by the doctrines of intervening or superseding cause, and/or comparative negligence, pursuant to Colo. Rev. Stat. Ann. § 13-21-111 and otherwise, because Verwest's payment of certain amounts to the IRS was caused by faulty advice from Verwest's other advisers, not including GT;

4. Declare that any claim against GT is barred by Colorado's two-year statute of limitations on actions sounding in negligence, Colo. Rev. Stat. Ann. § 13-80-102;

5. Award GT its costs in this action; and/or

6. Grant GT such other relief as the Court deems just and proper.

DATED: February 1, 2022.

*s/ James M. Lyons*
James M. Lyons
Frederick J. Baumann
Lewis Roca Rothgerber Christie LLP
1601 19th Street, Suite 1000
Denver, CO  80202
(303) 623-9000
jlyons@lewisroca.com
fbaumann@lewisroca.com

Michael P. McNamara (application for Admission pending)
Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
(213) 239-5100

David Jimenez-Ekman (application for Admission pending)
Jenner & Block LLP
353 North Clark Street, Suite 3800
Chicago, IL  60654
(312) 923-2683
