## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-00286-CNS-KAS

GREENBERG TRAURIG, LLP, a New York Limited Liability Partnership,

    Plaintiff,

v.

TIJS VERWEST A/K/A TIESTO, an individual,

    Defendant.

---

### PLAINTIFF'S UNOPPOSED MOTION TO STAY CASE
### PENDING APPEAL IN RELATED CASE

---

Plaintiff Greenberg Traurig, LLP ("GT"), by its undersigned counsel, pursuant to this Court's inherent power to control its docket, hereby moves to stay all proceedings in this case pending final resolution of an ongoing appeal in a related case in which both GT and Defendant Tijs Verwest ("Verwest") also are parties pending in The Netherlands. In support, GT states as follows:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned has conferred with counsel for Defendant who advised that, although they dispute the characterization of the proceedings in The Netherlands, they agree that the relief sought is appropriate and thus, that the Defendant does not oppose the relief sought in this motion.

### MOTION

1.    This case was commenced on February 1, 2022, with the filing of GT's complaint seeking a declaratory judgment that it is not liable to Verwest for malpractice in connection with

advice GT gave Verwest about his international business structure and his taxes. On February 28, 2022, Verwest commenced an action in the District Court of Amsterdam, The Netherlands, Case No. C/13/715714 HA ZA 22/277, seeking damages from GT for the same conduct at issue in this case (the "Dutch Case"). In addition to Verwest, several companies associated with him, The Eagle B.V., LA All the Way LLC and After Midnight Productions Ltd. ("Verwest Companies") are also plaintiffs in the Dutch Case.

2. On March 23, 2022, before Verwest had answered or otherwise responded to GT's complaint in this case, with the consent of all parties, the United States Department of Justice ("DOJ") moved to intervene in this action, and to stay the case during the pendency of a criminal investigation in the Southern District of New York. [Doc. No. 16] On April 11, 2022, this Court granted the Government's motion, and directed that the case be stayed pending resolution of the criminal proceedings; the Court required the Government to file Status Reports with the Court every 90 days while the case was stayed. [Doc. No. 22]

3. This case was stayed from April 11, 2022, until December 30, 2024, when it was lifted with the consent of the Government. [Doc. 58] However, during the more than two and a half years that this case was stayed, the Dutch Case went forward. GT's request that the Dutch Case be stayed due to the pendency of this action was denied by order entered on January 18, 2023, and as a result, the Dutch Case proceeded to trial. On July 31, 2024, the Dutch Court entered a judgment denying Verwest's claim for damages for alleged malpractice and awarding him only an amount of professional fees yet to be determined. Subsequently, Verwest filed a notice of appeal of this judgment with the applicable appellate court in The Netherlands.

4. GT understands that Verwest contends that a final, non-appealable decision in the

Dutch Case will bar GT's claims in this case under the doctrines of claim and/or issue preclusion. As a result, Verwest indicated that if the case is not stayed, he will move to dismiss this action for a number of reasons, including but not limited to, that GT's claims are barred by the judgment in the Dutch Case. While GT is unwilling at this time to concede the scope of preclusion that might apply to a final decision in the Dutch Case, GT agrees that a final decision in that case may preclude at least a portion of the claims in this case, including potential counterclaims by Verwest. In any event, GT submits that it makes no sense to burden this Court or the parties with motion practice, procedural hearings and possible discovery that may be mooted depending on the result of the appeal of the Dutch Case. For these reasons, GT requests that this Court stay these proceedings while the appeal proceeds in the Dutch Case.

5. "Federal courts have the inherent power to stay an action based on the pendency of a related proceeding in a foreign jurisdiction." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Kozeny*, 115 F. Supp. 2d 1243, 1246 (D. Colo. 2000) (citing cases). In *Kozeny*, Judge Babcock noted that while the Tenth Circuit has not addressed the issue of a stay of parallel litigation in a foreign jurisdiction, he "was persuaded by the cogent reasoning stated by other federal district courts in developing" relevant factors to determine when to stay a case. 115 F. Supp. 2d at 1247. These factors include: "1) similarity of parties and issues involved in the foreign litigation; 2) the promotion of judicial efficiency; 3) adequacy of relief available in the alternative forum; 4) issues of fairness to and convenience of the parties, counsel, and witnesses; 5) the possibility of prejudice to any of the parties; and 6) the temporal sequence of the filing of the actions." Id.

6. All these factors militate in favor of a stay here.

- The parties here are also parties to the Dutch Case. While the individual former GT

3

127260606.1

      lawyer whose advice is at issue in the case was named in the Dutch Case, the only parties to the judgment entered on July 31, 2024, in the Dutch Case were GT, on one side, and Verwest and the Verwest Companies on the other side.

- Judicial efficiency would be promoted by staying this case, since the parties already litigated the same issues in the Dutch Case.

- The relief sought by Verwest in the Dutch Case – damages from GT for alleged malpractice – is likely identical to any relief he would seek here by way of a counterclaim.

- Issues of fairness to and convenience of parties, counsel and witnesses are irrelevant since the case already was tried in the Netherlands and the record there is set and currently in the appellate process.

- There is no possibility of prejudice to any party, since Verwest already has filed an appeal in the Dutch Case thus preserving all his rights.

- Finally, while this case was filed first, the Dutch Case proceeded to resolution before this case due to the pendency of the stay that was entered here at the request of the Government, making the temporal issue irrelevant.

Because all relevant factors favor a stay here during the appellate process in the Dutch Case, GT requests that the Court enter a stay of this case.

      7.      Time is of the essence. A Scheduling/Planning Conference before the magistrate judge is scheduled for February 13, 2025 at 9:30 a.m. [Doc. No. 69] GT submits it would be appropriate for a stay to be entered before the date of that conference or, at a minimum, that the conference be postponed until the Court determines whether a stay of the entire case will be

entered.

8. If the Court believes it to be appropriate, during the pendency of a stay of this case, GT is willing to provide status reports as to the proceedings in the appeal of the Dutch Case on a periodic basis. GT proposes that, every 90 days, it will seek to provide the Court with a joint update from both parties; to the extent the parties are unable to agree, each party may submit its or his own.

**WHEREFORE**, GT respectfully request that this Court enter an order granting a stay of this case, pending resolution of the appeal in the Dutch Case.

Respectfully submitted this 22nd day of January, 2025.

*s/ Frederick J. Baumann*
James M. Lyons
Frederick J. Baumann
WOMBLE BOND DICKINSON (US) LLP
1601 19th Street, Suite 1000
Denver, CO 80202-2995
Phone:  303-623-9000
Fax:      303-623-9222
E-mail:  fred.baumann@wbd-us.com
             james.lyons@wbd-us.com

*Attorneys for Greenberg Traurig, LLP*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 22, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

*s/ Frederick J. Baumann*
of WOMBLE BOND DICKINSON (US) LLP

127260606.1