IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00286-CNS-KAS

GREENBERG TAURIG, LLP, a New York limited liability partnership,

    Plaintiff,

v.

TIJS VERWEST, an individual also known as Tiesto,

    Defendant.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Unopposed Motion to Stay Case Pending Appeal in Related Case** [#71] (the "Motion"). This lawsuit was filed on February 1, 2022. *Compl.* [#1]. In short, Plaintiff seeks a declaratory judgment that it is not liable to Defendant for malpractice in connection with advice Plaintiff gave Defendant about his international business structure and his taxes. *See id.* On February 28, 2022, Defendant filed a lawsuit in the District Court of Amsterdam, The Netherlands, Case No. C/13/715714 HA ZA 22/277, (the "Dutch Case") seeking damages from Plaintiff for the same conduct at issue in this case. *Motion* [#71] at 2. Several companies associated with Defendant (The Eagle B.V., LA All the Way LLC, and After Midnight Productions Ltd. ("Verwest Companies")) were also plaintiffs in the Dutch Case. *Id.*

On March 23, 2022, before Defendant had responded to the Complaint [#1] here, the United States Department of Justice, with the consent of all parties, moved to intervene in this action and to stay the case during the pendency of a criminal investigation

in the Southern District of New York. *See* [#16]. On April 11, 2022, the Court granted the Government's requests, ordered that the case be stayed pending resolution of the criminal proceedings, and further ordered the Government to file status reports with the Court every ninety days while the case was stayed. *Order* [#22]. On December 30, 2024, with the consent of the Government, the Court lifted the stay. *Minute Order* [#58].

Meanwhile, on January 18, 2023, the Dutch Court denied a motion by Plaintiff (who, there, was the defendant) to stay the Dutch Case due to the pendency of this lawsuit; thus, the Dutch Case proceeded to trial. *Motion* [#71] at 2. On July 31, 2024, the Dutch Court entered a judgment denying Defendant's (who, there, was the plaintiff) claim for damages for malpractice and awarding him only certain professional fees. *Id.* A notice of appeal of this judgment was then filed with the applicable appellate court in The Netherlands. *Id.*

Defendant believes that a final, non-appealable decision in the Dutch Case will bar Plaintiff's claims in this case based on claim and/or issue preclusion. *Id.* at 2-3. Thus, in the absence of a stay, Defendant intends to move to dismiss this action for several reasons, including that Plaintiff's claims are barred by the judgment in the Dutch Case. *Id.* at 3. Plaintiff is not yet ready to concede the scope of preclusion that might apply to a final decision in the Dutch Case but nevertheless agrees that a final decision in that case may preclude at least some claims in this case, including possible counterclaims by Defendant. *Id.* Thus, Plaintiff "submits that it makes no sense to burden this Court or the parties with motion practice, procedural hearings and possible discovery that may be mooted depending on the result of the appeal of the Dutch Case." *Id.* Therefore, Plaintiff asks for a stay of this lawsuit while the appeal proceeds in the Dutch Case. *Id.*

2

Although the stay of proceedings in a case is generally disfavored, the Court "has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015); *see also Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (stating that a court inherently has authority to "stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Where a stay request is based on proceedings in a foreign jurisdiction, six factors are considered: "(1) the similarity of the parties and issues involved in the foreign litigation; (2) the promotion of judicial efficiency; (3) the adequacy of relief available in the alternative forum; (4) issues of fairness to and convenience of the parties, counsel, and witnesses; (5) the possibility of prejudice to any of the parties; and (6) the temporal sequence of the filing of the actions." *Murphy v. Schaible, Russo & Co., C.P.A.'s, L.L.P.*, No. 19-cv-02808-WJM-NYW, 2022 WL 612392, at *1 (D. Colo. Mar. 2, 2022) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Kozeny*, 115 F. Supp. 2d 1243, 1247 (D. Colo. 2000). "Also pertinent are overarching concerns for a federal court facing concurrent international jurisdiction including demonstrating a proper level of respect for the acts of other sovereign nations, ensuring fairness to litigants, and efficiently using scarce judicial resources." *Kozeny*, 115 F. Supp. 2d at 1247.

Weighing these factors, the Court finds that a stay of this lawsuit is appropriate. First, both parties here are parties to the Dutch Case, and the judgment entered concerned only Plaintiff, Defendant, and the Verwest Companies. *Motion* [#71] at 3-4.

Second, the Court agrees with Plaintiff that a stay will promote judicial efficiency because the parties have already litigated the same issues in the Dutch Case and because resolution of the appeal is likely to moot some or all of the issues in this case. *Id.* at 4. Third, the relief that Defendant sought in the Dutch Case, i.e., damages from Plaintiff for malpractice, is probably the same relief he would seek here by counterclaim. *Id.* Fourth, there is no indication that any issues of unfairness or inconvenience will arise by the issuance of a stay. *Id.* Fifth, similarly, there is no indication that any party will incur prejudice by the issuance of a stay, particularly in light of the fact that Plaintiff is moving for the stay and that Defendant is unopposed to the request. *Id.* Finally, although this lawsuit was filed first, the Dutch Case has been the first to reach resolution at the trial court level, due to the stay imposed while American criminal proceedings were completed. *Id.* Thus, the Court finds that these factors weigh in favor of staying this action pending resolution of the Dutch Case's appellate proceedings.

In relevant part, D.C.COLO.LCivR 41.2 provides that "[a] district judge . . . may order the clerk to close a civil action administratively subject to reopening for good cause." Having reviewed the entire docket, the Court finds that, rather than a stay, this case is well-suited for administrative closure given the ongoing appeal of directly-related proceedings in the Netherlands and the open-ended nature of when this lawsuit may be ripe to proceed or to be closed permanently. *See, e.g.*, *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) ("Use of the administrative-closure mechanism allows district courts to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending)." (citation and internal quotation marks omitted)).

4

Accordingly,

IT IS HEREBY **RECOMMENDED** that this case be administratively closed pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause.

IT IS FURTHER **ORDERED** that this case is **STAYED** pending resolution of this Recommendation.

IT IS FURTHER **ORDERED** that the parties shall file a Joint Status Report **every 90 days** from the date of this Recommendation until either (1) otherwise ordered by the Court or (2) this case is permanently closed.

IT IS FURTHER **ORDERED** that, should this case be administratively closed, the parties shall also file, when appropriate, either (1) a motion seeking to reopen the case, for good cause shown, or (2) a motion, notice, or other appropriate filing regarding permanent closure of the case.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for February 13, 2025, at 9:30 a.m. is **VACATED**, as is the parties' February 6, 2025 deadline by which to file a proposed scheduling order.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d

1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: January 29, 2025       BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge